CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 02 2011
JULIA C. ...LEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONAH JUNIOR MEREDITH III, | ) | CASE NO. 7:11CV00248 |
| Petitioner, | ) ) ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) ) | |
| W. THOMAS BERRY, ET AL., | ) ) | By: Samuel G. Wilson United States District Judge |
| Respondent. | ) | |

Jonah Junior Meredith III, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under the October 2010 judgment of the Nelson County Circuit Court, convicting him of forgery and uttering and sentencing him to five years imprisonment. Because it is clear from the face of his petition that he has not yet exhausted state court remedies, the court concludes that the petition must be summarily dismissed.

Meredith states that he was sentenced in the state court on October 27, 2010 and that his appeal to the Court of Appeals of Virginia was denied on May 16, 2011. He states that he did not then seek further review by a higher state court, such as the Supreme Court of Virginia, and did not file any state petition for a writ of habeas corpus concerning the challenged convictions. He alleges that his attorney should have conducted additional pretrial investigation, and as relief, he seeks an appeal and appointment of new counsel.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claim in the highest

state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

It appears from Meredith's submissions that he could still file a timely appeal from the Court of Appeals judgment to the Supreme Court of Virginia, the highest court in the state. See Va. Code Ann. § 8.01-671(C) (requiring petition for appeal to be filed within thirty days after date of Court of Appeals decision). Or if he wishes to bring only claims of ineffective assistance of counsel, he could file a habeas petition in the Supreme Court of Virginia. See Va. Code Ann. § 8.01-654(a)(1). Because he has available state court remedies, the court concludes that his § 2254 petition must be dismissed without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases,[1] based on his failure to exhaust available state court remedies. See Slayton v. Smith, 404 U.S. 53 (1971). An appropriate order will issue this day.[2]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 2nd day of June, 2011.

United States District Judge

---

[1] Pursuant to Rule 4, the court may summarily dismiss a § 2254 petition where "it plainly appears from the face of the petition and any annexed exhibits" that petitioner is not entitled to relief.

[2] Meredith may refile his federal habeas petition if he is still unsuccessful in obtaining relief *after* presenting his claims to the Supreme Court of Virginia and receiving a ruling from that court.